**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHARLES PATRICK VENANZI,**<br><br>***Plaintiff*****,**<br><br>**v.**<br><br>**TARGET CORPORATION, *et al.*,**<br><br>***Defendants*****.** | **Civil No.: 1:26-cv-02888-JRR** |

**MEMORANDUM AND ORDER**

Pending before the court is *pro se* Plaintiff Charles Patrick Venanzi's Motion to Remand to State Court at ECF No. 6 (the "Motion"). Removing Defendant Target Corporation did not respond to or otherwise oppose the Motion. The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I. Background

Plaintiff, a citizen of Maryland, initiated this personal injury and products liability action against Defendants Target Corporation, a Minnesota corporation; Utz Quality Foods, LLC, an LLC registered in Delaware; and Utz Brands, Inc., a Delaware corporation. (ECF No. 2.) On July 24, 2026, Defendant Target removed the instant action to this court pursuant to 28 U.S.C. § 1441(a), asserting diversity of citizenship jurisdiction per 28 U.S.C. § 1332. (ECF No. 1 ¶¶ 4–6.) Thereafter, Defendant Target advised that Utz Quality Foods, Inc., an entity not named as a Defendant, consented to removal. (ECF No. 5.) Within 30 days following removal, Plaintiff filed the instant Motion to remand this action to the state court, arguing that Defendant Target's removal violates the rule against unanimity and that Defendant Target has not sufficiently demonstrated this court's jurisdiction, which is to say, that this is not an action over which this court has original

jurisdiction pursuant to 28 U.S.C. § 1441(a). (ECF No. 12.) Defendant Target failed to respond to the Motion.

## II. Legal Standard

With limited exceptions, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a)). Removal jurisdiction raises "significant federalism concerns." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)); therefore, federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted). "The party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction." *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016) (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

## III. Analysis

Before turning to Plaintiff's arguments, the court notes that Defendant Target appears to have failed to comport with the statutory requirements for removal as well as the Local Rules of this court. Section 1446 sets forth the procedure for removal of actions to federal court. Relevant here, it provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil

> Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

The Local Rules of this court mirror these requirements and include additional requirements:

> Any party effecting removal shall file with the notice true and legible copies of all process, pleadings, documents, and orders which have been served upon that party, along with a copy of the current state court docket sheet. Within thirty (30) days thereafter the party shall file true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court.

Local Rule 103.5(a).

First, on review of the state court docket, it does not appear that Defendant Target has provided "a copy of all process, pleadings, and orders" in this action.[1] 28 U.S.C. § 1446(a); Local Rule 103.5(a). Second, Defendant Target did not include a copy of the state court docket sheet with its notice of removal. Local Rule 103.5(a). Finally, third, more than 30 days have passed, and Defendant Target has not filed "true and legible copies of all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court." *Id.*

In addition to possibly supporting remand, *see Hodge v. Est. of Thomas*, No. 8:24-CV-980-PX, 2024 WL 3568592, at *1 (D. Md. July 29, 2024), *appeal dismissed sub nom. Thomas v. Maryland*, No. 24-1837, 2024 WL 5102862 (4th Cir. Dec. 13, 2024) ("Failure to comply with Section 1446 requires 'immediately remanding a removed case to state court.'") (quoting *FHC*

[1] For example, the state court docket shows an answer was filed, which was not put forth before this court.

*Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998)), these material deficiencies obscure the procedural history and status of this action.[2]

Turning to Plaintiff's arguments, 28 U.S.C. § 1446(b)(2)(A) requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This provision is referred to as the "rule of unanimity." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (citing *Mayo v. Bd. of Educ. of Prince George's Cnty.,* 713 F.3d 735, 741 (4th Cir. 2013)). This rule of unanimity "is consistent with [a federal court's] obligation 'to construe removal jurisdiction strictly because of the significant federalism concerns implicated,'" and "helps to effectuate Congress's intent in limiting removal to prevent it from being used too broadly or casually." *Id.* (quoting *Maryland Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005)). While there are exceptions to this rule, *see Hartford Fire Ins.*, 736 F.3d at 259 (regarding an exception for nominal parties), Defendant Target has not argued any exception here. As Defendant Target "failed to secure the consent to removal of" Defendant Utz Quality Foods, LLC, *see* ECF Nos. 1, 5, and "no papers have been subsequently submitted to the Court by [Defendant Utz Quality Foods, LLC] consenting to such removal," remand is proper. *Nationstar Mortg. LLC v. Daraja*, No. 4:17CV122, 2018 WL 813882, at *3 (E.D. Va. Feb. 9, 2018) (remanding based on same).

Finally, even absent the foregoing deficiencies, remand is proper because Target has failed to demonstrate that this court has original jurisdiction over this action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, federal district courts have "original jurisdiction of all civil actions

[2] While unclear based on the lack of records provided to this court, it does not appear that Defendant Target's removal involves an issue of "snap removal," which is to say, removing an action before a plaintiff has served a non-diverse, Maryland defendant. *See Kirst on Behalf of Nominal Defendant Novavax, Inc. v. Erck*, 616 F. Supp. 3d 471, 476 (D. Md. 2022).

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members[.]" *Real Time Med. Sys., Inc. v. PointClickCare Techs., Inc.*, 131 F.4th 205, 221 n.6 (4th Cir. 2025) (quoting *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)).

Defendant Target's removal notice, which fails to identify the citizenship of the members of Defendant Utz Quality Foods, LLC, is insufficient to invoke this court's jurisdiction. *Id.* (observing the notice of removal was "insufficient" where it indicated that removing defendant was "unaware of the identities of [LLC defendant's] member(s) and therefore their place(s) of citizenship"). Indeed, as discussed above, "[t]he party seeking to remove a case to federal court has the burden of demonstrating federal jurisdiction," *see Pressl*, 842 F.3d at 302, *supra*; yet Defendant Target offers no allegation, assertion, or argument to address the citizenship of Defendant Utz Quality Foods, LLC's members. Further, in failing to respond to the argument entirely, Defendant Target concedes the point, and offers nothing to invoke this court's jurisdiction. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) (noting that "[i]n failing to respond to [defendant's] argument," the plaintiff "concedes the point"). The court will therefore grant Plaintiff's Motion on this basis.

## IV. Conclusion and Order

Accordingly, for the foregoing reasons, it is this 29th day of September 2026,

**ORDERED** that the Motion (ECF No. 6) shall be, and is hereby, **GRANTED**;[3] and further it is

**ORDERED** that this action is **REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case.

/S/
______________________________
Julie R. Rubin
United States District Judge

[3] Although not raise substantively in his Motion, Plaintiff makes a cursory request for fees and costs pursuant to 28 U.S.C. § 1447(c). While it is true that § 1447(c) allows for an award of "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), where Plaintiff puts forth no substantive argument as to same and fails to offer any assertion of costs and expenses he has incurred as a result of the removal, such request will be denied.